IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:22-CR-190-SDJ-AGD-1 |
| KYION J. WASHINGTON (1) | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 18, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Paul Morris.

On August 9, 2021, United States District Judge Elizabeth Erny Foote sentenced Defendant to a term of forty-six (46) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 22 at 1. On October 6, 2023, the original term of supervised release was revoked, and United States District Judge Sean D. Jordan sentenced Defendant to ten (10) months imprisonment followed by twenty-four (24) months of supervised release. *See id.* On May 8, 2024, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.*

On June 28, 2024, the U.S. Probation Officer filed the First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 22), alleging Defendant violated four conditions of supervised release. *See id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you

1

were sentenced; (2) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives, he must notify the probation officer at least 10 days before the change or within 72 hours of an unanticipated change; (3) Defendant must not unlawfully possess a controlled substance; and (4) Defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)–(2) Defendant was released from state custody on May 8, 2024; however, he failed to report to the U.S. Probation Office and failed to notify the U.S. Probation Office of his change in residence. Numerous attempts to contact Defendant were unsuccessful and the U.S. Probation Officer is considered him an absconder from supervision.

(3) On June 10, 2024, Defendant was arrested by the White Settlement Police Department in White Settlement, Texas on an outstanding warrant related to his supervised release violation. According to the offense report, a police officer with the White Settlement Police Department made contact with Defendant who was violating traffic code by walking on the wrong side of the road. The officer later learned of Defendant's federal warrant and he was subsequently arrested. Defendant later consented to a search of his person and the police officer located a small bag of marijuana in his possession. The marijuana was later weighed at .055 ounces. Defendant was not charged for the marijuana possession, which was placed in police property and labeled "to be destroyed."

(4) On June 10, 2024, Defendant was arrested in White Settlement, Texas. Defendant did not have permission to be in White Settlement which is located in the Northern District of Texas.

On July 18, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for July 18, 2024. Defendant entered a plea of true to allegations one through four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 32. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 18, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no supervised release to follow. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 19th day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE